1

2

3

4                        UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    OLADAPO OLAJIDE,                        Case No.  20-cv-08942-DMR

8                    Plaintiff,

9         v.                                 **ORDER ON DEFENDANTS' MOTION**
                                             **TO DISMISS COMPLAINT AND**
10   STATE OF CALIFORNIA, et al.,            **MOTION TO DECLARE PLAINTIFF**
                                             **VEXATIOUS**
11                  Defendants.
                                             Re: Dkt. Nos. 8, 15

12          Pro se Plaintiff Oladapo Olajide aka Ronald Olajide filed a complaint against the State of

13   California and California Attorney General Xavier Becerra for "fraudulent violation of civil

14   rights."  He subsequently filed a motion for a preliminary injunction.  [Docket No. 4.]  Defendants

15   move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to

16   state a claim.  [Docket No. 8 (Mot. to Dismiss).]  They also move for an order declaring Olajide a

17   vexatious litigant.  [Docket No. 15 ("VL Mot.").]  The court held a hearing on both motions on

18   March 25, 2021.  For the following reasons, Defendants' motions are granted.  Olajide's motion is

     denied.
19

20   **I.      MOTION TO DISMISS**

21          **A.  Legal Standard**

22          A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

23   the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

24   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

25   of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (2007) (citation

26   omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an

27   absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New*

28   *Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556

United States District Court
Northern District of California

United States District Court
Northern District of California

1   U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks

2   omitted).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the

3   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4   *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate

5   "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

6   will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478

7   U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on*

8   *other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

9        Pro se pleadings must be liberally construed and "held to less stringent standards than

10  formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  The Ninth Circuit has held that

11  "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to

12  construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v.*

13  *Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  "However, a liberal interpretation of

14  a civil rights complaint may not supply essential elements of the claim that were not initially

15  pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

16       **B.  Discussion**

17       Olajide's complaint is very difficult to understand.  It appears to allege that then-California

18  Attorney General Becerra "knowingly caused statements to be published" on the Attorney

19  General's website about the "strong and vigorous enforcement of federal and state civil rights

20  laws" and that this statement is false.  Compl. 2-3.  The complaint also appears to allege that

21  Olajide's private property has been seized, but the only allegation that seems to connect to this

22  claim is that Olajide "discovered that public charges under Becerra's enforcement of state law

23  immediately reduced the economical value of his private business to be worthless because . . . he

24  must labor to tender Things . . . in payment of Debts established by state law."  Compl. ¶¶ 5, 7, 11,

25  12.  The complaint otherwise includes no factual allegations to support a claim that Olajide's

26  property has been seized, including identifying the property, the circumstances of the seizure, or

27  the person or persons responsible for the seizure.

28       The complaint also makes vague references to Becerra being part of a "conspiracy," and

2

the "imprint[ing] of Olajide's name within public documents" by Becerra's deputy, *id.* at ¶ 10, as well as references to Olajide's race "being identified as 'black'" and the "first KKK Act," but the import of these references is not explained. *See generally* Compl.

When asked to clarify his claims at the hearing, Olajide explained that he seeks to bring a fraud claim based on the statement on the Attorney General's website about "strong and vigorous enforcement" of civil rights laws. He alleges that this statement is false because the Attorney General is not enforcing civil rights laws on Olajide's behalf as a Black man. From there, the court was unable to understand Olajide's explanation of his fraud claim, including his statements about tendering "gold coin and silver" for debts instead of "commercial cotton paper."

Liberally construing the complaint, Olajide appears to bring two claims for relief: 1) a claim for fraudulent misrepresentation based on statements published on the California Attorney General's website, *id.* at ¶ 15; and 2) a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") based on Becerra's alleged "depriv[ation]" of Olajide's right to "enjoy[ ] private property rights" secured by the Fourteenth Amendment. *Id.* at ¶ 21.

### C. Discussion

As noted, the complaint appears to allege two claims for relief: 1) a claim for fraudulent misrepresentation; and 2) a Section 1983 claim for violation of the Fourteenth Amendment.

A claim for fraudulent misrepresentation requires that Olajide establish (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, i.e., to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

As noted, Olajide stated that his misrepresentation claim is based on a statement published on the California Attorney General's website about the "strong and vigorous enforcement of federal and state civil rights laws." Compl. 2, ¶ 15 (citing https://oag.ca.gov/civil). The complaint fails to state a claim for misrepresentation because it does not allege how this statement is a misrepresentation. Olajide appears to seek to hold Becerra responsible for the statement, but he does not allege that Becerra knew the statement was false, made the statement with the intent to induce others' reliance on the statement, that Olajide justifiably relied on the statement, or that

1    Olajide suffered damage.

2         As to Olajide's second claim, Section 1983 "creates a cause of action against any person

3    who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the

4    Constitution and laws' of the United States." *Save Our Valley v. Sound Transit*, 335 F.3d 932,

5    936 (9th Cir. 2003) (quoting 42 U.S.C. § 1983).  "Section 1983 has a causation requirement, with

6    liability extending to those state officials who 'subject[ ], or cause[ ] to be subjected,' an

7    individual to a deprivation of his federal rights." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th

8    Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).  In order to state a

9    claim under Section 1983, the complaint must allege: "(1) that a person acting under color of state

10   law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right,

11   privilege, or immunity protected by the Constitution or laws of the United States." *Leer v.*

12   *Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

13        Olajide's complaint does not state a claim under Section 1983 because it does not identify

14   any specific conduct by the State of California or Becerra that resulted in a "depriv[ation]" of

15   Olajide's right to "enjoy[ ] private property rights" secured by the Fourteenth Amendment.

16   Compl. ¶ 21.  It also does not allege how Olajide's Fourteenth Amendment rights were violated.

17        In sum, Olajide's complaint fails to state a claim for misrepresentation or a claim under

18   Section 1983.

19        If the court dismisses a complaint, it "should grant leave to amend even if no request to

20   amend the pleading was made, unless it determines that the pleadings could not possibly be cured

21   by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Here, the

22   court gave Olajide the opportunity at the hearing to explain his claims, but he was unable to

23   articulate a decipherable theory underlying his claims.  The court finds Olajide's allegations are

24   frivolous and fanciful and dismisses the complaint with prejudice and without leave to amend.

25   **II.    MOTION FOR PRELIMINARY INJUNCTION**

26        As noted, Olajide filed an "Emergency Motion for Order to Institute Appropriate

27   Proceedings to Preliminarily and Permanently Enjoin Defendants."

28        "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

United States District Court
Northern District of California

4

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A plaintiff seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits of the claims; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of hardships tips in their favor; and (4) a preliminary injunction is in the public interest.  *Id.* at 20.  "The first factor under *Winter* is the most important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  As Olajide's complaint fails to state a claim upon which relief may be granted, he has failed to demonstrate a likelihood of success on the merits for purposes of preliminary injunctive relief.  "Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements].'"  *Id.* (quoting *Ass;n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).  Accordingly, Olajide's motion for a preliminary injunction is denied.

### III.    VEXATIOUS LITIGANT MOTION

#### A.  Request for Judicial Notice

In support of the vexatious litigant motion, Defendants filed a request for judicial notice. [Docket No. 15-1 ("RJN").]

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201. "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), as well as "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Defendants ask the court to take judicial notice of the following documents:

- Exhibit A: January 3, 2017 order by the Honorable Maxine M. Chesney dismissing Olajide's second amended complaint with prejudice in *Olajide v. Federal Reserve*

*Bank of San Francisco*, Northern District of California Case No. 16-cv-04472 MMC;

- Exhibit B: August 15, 2016 order by the Honorable Jon S. Tigar dismissing Olajide's complaint with prejudice in *Olajide v. Rolefson*, Northern District of California Case No. 16-cv-01163 JST;

- Exhibit C: March 10, 2020 order by the Honorable William H. Alsup dismissing Olajide's complaint with prejudice in *Olajide v. Newsome*, Northern District of California Case No. 19-cv-08048 WHA;

- Exhibit D: June 7, 2018 order by the Honorable William H. Alsup dismissing sua sponte Olajide's complaint with prejudice in *Olajide v. Brown*, Northern District of California Case No. 18-cv-03151 WHA;

- Exhibit E: August 23, 2018 order by the Honorable William H. Orrick dismissing Olajide's complaint with prejudice in *Olajide v. Brown*, Northern District of California Case No. 18-cv-04823 WHO;

- Exhibit F: July 6, 2018 order by the Honorable Charles R. Breyer dismissing Olajide's complaint with prejudice in *Olajide v. Brown*, Northern District of California Case No. 18-cv-03991 CRB; and

- Exhibit G: July 16, 2018 order by the Honorable Edward M. Chen dismissing Olajide's complaint with prejudice in *Olajide v. Brown*, Northern District of California Case No. 18-cv-04225 EMC.

Having reviewed Exhibits A though G, the court finds that all of these exhibits contain matters of public record that are relevant to the issues before the court. Accordingly, the court takes judicial notice of Exhibits A through G.

The court also sua sponte takes judicial notice of court orders in a similar proceeding that Olajide filed in the United States District Court, Eastern District of California. *See Olajide v. Brown*, Eastern District of California Case No. 2:17-cv-02168-TLN-KJN PS (filed Oct. 18, 2017). The orders include the January 30, 2018 order by the Honorable Kendall J. Newman recommending that Olajide's complaint be dismissed with prejudice, and the February 20, 2018 order by the Honorable Troy L. Nunley adopting the recommendation and dismissing the

1    complaint with prejudice.  *See* Fed. R. Evid. 201(c)(1) ("[t]he court . . . may take judicial notice on

2    its own").

3        **B.  Legal Standard**

4        "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

5    preempt the use of judicial time that properly could be used to consider the meritorious claims of

6    other litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Under the All Writs

7    Act, a district court has "the inherent power . . . to regulate the activities of abusive litigants by

8    imposing carefully tailored restrictions under the appropriate circumstances," including through

9    the use of pre-filing orders.  *Id.* at 1147 (internal quotation marks omitted).  However, such orders

10   are "an extreme remedy that should rarely be used."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d

11   1047, 1057 (9th Cir. 2007).  "Restricting access to the courts is . . . a serious matter" that carries

12   constitutional implications.  *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th

13   Cir. 2014); *see also Molski*, 500 F.3d at 1057 ("Courts should not enter pre-filing orders with

14   undue haste because such sanctions can tread on a litigant's due process right of access to the

15   courts.").

16       **C.  Discussion**

17       Defendants move for an order declaring Olajide a vexatious litigant and for the issuance of

18   a pre-filing order based on his "excessively litigious conduct, the repeated frivolity of his claims,

19   and the resultant consumption of Court time and resources."  VL Mot. 3.  They contend that

20   Olajide satisfies the definition of a vexatious litigant as "a person who . . . [i]n the immediately

21   preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least

22   five litigations other than in a small claims court that have been . . . finally determined adversely

23   to the person . . ."  VL Mot. 5 (quoting Cal. Civ. Proc. Code § 391(b)(1)).  Olajide did not file an

24   opposition to the motion.[1]

---

[1] Pursuant to Local Rule 7-3(a), any opposition to Defendants' motion was due by February 12, 2021.  Olajide did not file a response to the motion.  On March 18, 2021, he filed a "Motion for Judicial Notice of an Adjudicative Fact" that asks the court to take judicial notice of the fact "that from a photograph of his likeness affixed upon a Certificate of Citizenship . . . he does appear to be identified by race and other descriptions as a 'black' person born in Nigeria . . ."  [Docket No. 20.]  The relevance of this filing is not apparent.

United States District Court
Northern District of California

In *De Long*, the Ninth Circuit outlined four factors that district courts must consider before entering a pre-filing order against a litigant. First, the litigant must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. Second, the district court must "create an adequate record for review." *Id.* Third, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Finally, pre-filing restrictive orders "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

### 1. Notice and Opportunity to be Heard

The first factor "simply requires that the litigant be given an opportunity to oppose the order before it is entered." *Ou-Young v. Roberts*, No. 13-cv-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013). No hearing is required as long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *Reddy v. MedQuist, Inc.*, No. 12-cv-01324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012).

Here, Olajide had the opportunity to file an opposition to the motion and also presented oral argument. Accordingly, the first *De Long* factor has been met here. *See Pac. Harbor Capital, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that the opportunity to be heard does not require "an oral or evidentiary hearing on the issue"; due process is satisfied by the opportunity to brief the issue).

### 2. Adequate Record for Review

The second *De Long* factor requires the court to create an adequate record for review. *De Long*, 912 F.2d at 1147. An adequate record for review "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order is needed." *Id.* At the least, the record must "show, in some manner, that the litigant's activities were numerous or abusive." *Id.*

Counting the current lawsuit, Olajide has filed at least eight unsuccessful lawsuits in this district since 2016, including at least five lawsuits against the governor of the State of California. RJN Exs. A-G. He also filed a similar unsuccessful lawsuit in the Eastern District of California. All of these cases were dismissed at the pleading stage for failure to state a claim and/or lack of

United States District Court
Northern District of California

1 │ subject matter jurisdiction or dismissed pursuant to the IFP statute, 28 U.S.C. § 1915(e)(2)(B).

2 │ Based on the court's review of Olajide's actions in this district and in the Eastern District of

3 │ California, the court finds that there is an adequate record for review.

### 3.    Frivolous or Harassing Filings

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *Molski*, 500

F.3d at 1059, and requires the court to "make substantive findings as to the frivolous or harassing

nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d at

431.). "To decide whether the litigant's actions are frivolous or harassing, the district court must

look at both the number and content of the filings as indicia of the frivolousness of the litigant's

claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (further citations

omitted).

The record supports the conclusion that Olajide's actions are frivolous.  Each of the actions

Olajide has filed since 2016 have been dismissed with prejudice.  None made it past the pleading

stage.  Olajide filed six of the eight complaints against the governor of the State of California.  He

filed a seventh against a state court judge, and the court found the defendant was "absolutely

immune" from Olajide's claims for monetary relief.  Moreover, multiple courts concluded that

Olajide's allegations were "frivolous," "fanciful," or "incomprehensible," making the following

observations about Olajide's allegations:

- "The fourteen-page complaint is incomprehensible" and the "complaint is so frivolous and incomprehensible that permission to proceed will not be allowed," *Olajide v. Brown*, No. 18-cv-03151-WHA;

- "The Complaint before me, as his complaints in his prior cases, is rambling and difficult to understand . . . [b]ecause his allegations are frivolous and fanciful, with the added reason that they are similar to ones he made in prior dismissed cases, this case too is DISMISSED, and dismissed without leave to amend," *Olajide v. Brown*, No. 18-cv-04823-WHO;

- "Mr. Olajide's complaint is rambling and very difficult to understand . . . Mr. Olajide's complaint is so fanciful that a dismissal with prejudice is warranted," *Olajide v. Brown*,

9

No. 18-cv-04225-EMC;

- "The Complaint in this case is rambling and hard to comprehend," *Olajide v. Brown*, No. 18-cv-03991-CRB;

- "Plaintiff's complaint is vague, difficult to follow, and at times nonsensical," *Olajide v. Brown*, No. 2:17-cv-02168-TLN-KJN PS;

- "The facts of this case are difficult to decipher from Plaintiff's complaint," *Olajide v. Rolefson*, No. 16-cv-01163-JST; and

- "the First Amended Complaint raises no specific allegations against defendants, beyond their overall involvement in the 'regime.'"  *Olajide v. Newsome*, No. 19-cv-08048-WHA.

In sum, the record demonstrates that Olajide has continued to file complaints that are frivolous as well as indecipherable and incomprehensible, and that his filings have unnecessarily consumed court time and resources.

### 4.     Tailoring of Pre-Filing Order

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061.  For example, pre-filing orders that restrict a litigant's ability to file any suit, in any district, are overbroad.  *See id.*  However, *Molski* upheld a pre-filing order that prevented the plaintiff from filing ADA cases in the Central District of California.  *Id.*  The record in this case relates almost entirely to complaints filed against the governor of the State of California, and Olajide brings the instant case against a different elected official of the State of California.  The court finds that it is appropriate to restrict the pre-filing order to cases brought against the State of California, the governor of the State of California, and the California Attorney General.  In addition, the pre-filing order will apply only to cases Olajide files in the Northern District of California.  The order will not prevent Olajide from filing cases in this district; rather, it will merely subject his complaints to an initial review to determine whether they plausibly allege non-frivolous claims for relief against the specified Defendants.  This order is appropriate to protect the State of California and certain of its elected officials from needlessly litigating the same issues across multiple cases and judges.

United States District Court
Northern District of California

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for an order declaring Olajide a vexatious litigant is granted.  Oladapo Olajide aka Ronald Olajide is enjoined from filing any civil action in the Northern District of California against the State of California, the governor of the State of California, and the California Attorney General without first obtaining certification from the general duty judge that his complaints plausibly allege claims for relief and are not frivolous or fanciful.  The Clerk of the Court shall not file or accept any further complaints filed by Olajide.  If Olajide wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court.  The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing.  Any violation of this order will expose Olajide to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

Defendants' motion to dismiss the complaint is granted and the complaint is dismissed with prejudice.  Olajide's motion for a preliminary injunction is denied.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: March 29, 2021



Donna M. Ryu
United States Magistrate Judge

11